STATE OF CONNECTICUT *v.*
JOHN TYLER FUESSENICH
(AC 16487)

Spear, Hennessy and Daly, Js.

Argued April 27—officially released September 1, 1998

*Rita M. Shair*, assistant state's attorney, with whom were *Frank Maco*, state's attorney, and, on the brief, *Guy Wolf*, senior assistant state's attorney, for the appellant (state).

*Patrick S. Bristol*, with whom were *Hubert J. Santos* and *Hope C. Seeley*, for the appellee (defendant).

*Opinion*

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that this civil appeal by the state should be dismissed.

This appeal was consolidated with both the state's criminal appeal from the same judgment (AC 16605) and the defendant's appeal from the trial court's judgment modifying and enlarging the conditions of his probation to include a drug testing provision (AC 16486). The state filed this civil appeal in the event that the trial court failed to grant the state's request for permission to appeal.

In *State* v. *Fuessenich*, 50 Conn. App. 187, 717 A.2d 801 (1998), we addressed the question of whether a violation of probation proceeding was a criminal or civil case. We concluded that a violation of probation proceeding is a criminal case and an appeal could be taken pursuant to General Statutes § 54-96.[1]

The appeal is dismissed.

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the Superior Court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the Supreme Court or to the Appellate Court, in the same manner and to the same effect as if made by the accused."