STATE OF CONNECTICUT *v.*
JOHN TYLER FUESSENICH
(AC 16486)

Spear, Hennessy and Daly, Js.

Argued April 27—officially released September 1, 1998

*Patrick S. Bristol*, with whom were *Hubert J. Santos* and *Hope C. Seeley*, for the appellant (defendant).

*Rita M. Shair*, assistant state's attorney, with whom were *Frank Maco*, state's attorney, and, on the brief, *Guy Wolf*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. After a review of the record and briefs, and after hearing from the parties at oral argument, we conclude that the defendant's appeal from the trial court's judgment modifying and enlarging the conditions of his probation to include a drug testing provision should be dismissed as moot.

This appeal was consolidated with both the state's criminal appeal from the judgment of dismissal of the violation of probation proceeding and the state's civil appeal from the same judgment. See *State* v. *Fuessenich*, 50 Conn. App. 187, 717 A.2d 801 (1998) (AC 16605),

and *State* v. *Fuessenich*, 50 Conn. App. 199, 714 A.2d 728 (1998) (AC 16487).

The defendant claims that the trial court improperly granted the state's motion to modify the conditions of probation. In *State* v. *Fuessenich*, supra, 50 Conn. App. 187, we concluded that the defendant's probation officer properly included drug testing as a condition of probation because the trial court could have originally imposed the condition under the circumstances of the case. Because the probation officer properly added the drug testing condition, modification or enlargement is no longer necessary. This appeal is therefore moot.

The appeal is dismissed.